FILED
CLERK, U.S. DISTRICT COURT
OCT - 1 2024
CENTRAL DISTRICT OF CALIFORNIA
BY: rsm DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2024 Grand Jury

UNITED STATES OF AMERICA,

Plaintiff,

v.

ROBERT ABDALLAH,

Defendant.

ED CR No. 5:24-CR-00237-SSS

I N D I C T M E N T

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii): Possession with Intent to Distribute Methamphetamine; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 18 U.S.C. § 924, 21 U.S.C. § 853, and 28 U.S.C. § 2461(c): Criminal Forfeiture]

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

On or about April 4, 2024, in Riverside County, within the Central District of California, defendant ROBERT ABDALLAH knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 65.2 grams, of methamphetamine, a Schedule II controlled substance.

COUNT TWO

[18 U.S.C. § 922(g)(1)]

On or about April 4, 2024, in Riverside County, within the Central District of California, defendant ROBERT ABDALLAH knowingly possessed a firearm, namely, a Mossberg, 12 gauge caliber shotgun, bearing serial number U854723, and ammunition, namely, 13 rounds of Fiocchi Munizioni 12 gauge ammunition and one round of Winchester Ammunition, Inc. 9mm ammunition, each in and affecting interstate and foreign commerce.

Defendant ABDALLAH possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Assault with a Deadly Weapon, in violation of California Penal Code Section 245(a)(1), in the Superior Court for the State of California, County of Riverside, Case Number RIF2003696, on or about June 2, 2021;

2. Receiving Stolen Property, in violation of California Penal Code Section 496d(a), in the Superior Court for the State of California, County of Riverside, Case Number RIF2001049, on or about June 2, 2021;

3. Theft of Property Over $950, in violation of California Penal Code Section 487(a), in the Superior Court for the State of California, County of Riverside, Case Number RIF1904221, on or about November 6, 2019; and

4. Possession with Intent to Distribute a Controlled Substance, in violation of California Health and Safety Code Section

11378, in the Superior Court for the State of California, County of Riverside, Case Number RIF1902924, on or about August 6, 2019.

FORFEITURE ALLEGATION

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of the defendant's conviction of the offenses set forth in Counts One and Two of this Indictment.

2. The defendant, if so convicted, shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), the defendant, if so convicted, shall forfeit substitute property if, by any act or omission of the defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred,

sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/S/
Foreperson

E. MARTIN ESTRADA
United States Attorney

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division



SCOTT M. GARRINGER
Assistant United States Attorney
Deputy Chief, Criminal Division

IAN V. YANNIELLO
Assistant United States Attorney
Chief, General Crimes Section

BENEDETTO L. BALDING
Assistant United States Attorney
Deputy Chief, General Crimes
Section

SARAH E. SPIELBERGER
Assistant United States Attorney
Asset Forfeiture and Recovery
Section